IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00219-PAB-CBS

KELLIE MARSHALL,
    Plaintiff,
v.

CORRECTIONAL OFFICER COGGINS (LVCF),
CORRECTIONAL OFFICER BOATMAN (LVCF),[1]
LT. B. ROOT (Facility Housing LVCF), and
LT. MARTINEZ (Facility Shift Commander),
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff, Ms. Marshall's, failure to appear at the Preliminary Scheduling Conference held on June 26, 2012, failure to appear at the Preliminary Scheduling Conference held on July 25, 2012, failure to appear at the Preliminary Scheduling Conference held on September 26, 2012, failure comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, and failure to prosecute this action. Pursuant to the Order of Reference dated April 3, 2012 (Doc. # 11), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Ms. Marshall is on parole from the Colorado Department of Corrections. (*See* Colorado Department of Corrections Inmate Search, www.doc.state.co.us). Proceeding *pro*

---

[1]     Service of process has not been effected on Defendant Boatman. (*See* unexecuted Process Receipt and Return (Doc. # 15)).

1

*se*, Ms. Marshall filed her Prisoner Complaint on or about January 26, 2012, alleging violation of her Eighth Amendment rights based on two incidents of handcuffing that caused pain and trauma to a preexisting shoulder injury. (*See* Doc. # 1). Ms. Marshall seeks monetary damages. (*See id.* at 11 of 11). By an Order dated April 23, 2012, the court set a Preliminary Scheduling Conference on June 11, 2012 at 10:00 a.m. in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294. (*See* Doc. # 12). The court mailed a copy of the Order to Ms. Marshall at her address of record with the court. (*See* Doc. # 12, Notice of mailing). On May 11, 2012, the court reset the Preliminary Scheduling Conference for June 26, 2012 at 9:15 a.m. (*See* Doc. # 14). The court mailed a copy of the Order to Ms. Marshall at her address of record with the court. (*See* Doc. # 14, Notice of mailing). The court's records do not indicate that Ms. Marshall's copies of the court's Orders were returned to the court in the mail as undeliverable. The court held the Preliminary Scheduling Conference on June 26, 2012. (*See* Courtroom Minutes (Doc. # 19)). Defendants appeared through counsel. Ms. Marshall did not appear. Ms. Marshall did not contact the court regarding her failure to appear.

On June 26, 2012, the court issued an Order to Show Cause to Ms. Marshall, directing her to show good cause in writing on or before Thursday, July 12, 2012 why this civil action should not be dismissed for her failure to appear at the Preliminary Scheduling Conference held on June 26, 2012, her failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and a court order, and her failure to prosecute this action. (*See* Doc. # 20). The court advised Ms. Marshall that failure to adequately respond to the Order to Show Cause on or before Thursday, July 12, 2012 may result in a Recommendation to the District Judge that this civil action be dismissed without further notice. (*See id.*).

On June 28, 2012, Ms. Marshall responded to the court's Order to Show Cause, indicating that she had several court dates and "was unaware to which one I needed to appear in." (*See* Doc. # 21).  She requested "another court date to proceed with my case" sometime after July 23, 2012.  (*See id.*).  By an Order dated July 2, 2012, the court discharged the Order to Show Cause and set another Preliminary Scheduling Conference for July 25, 2012 at 10:00 a.m.  (*See* Doc. # 22).  The court mailed a copy of the Order to Ms. Marshall at her address of record with the court.  (*See* Doc. # 22, Notice of mailing).  The court's records do not indicate that Ms. Marshall's copy of the court's Order was returned to the court in the mail as undeliverable.  The court held the Preliminary Scheduling Conference on July 25, 2012.  (*See* Courtroom Minutes (Doc. # 23).  Defendants appeared through counsel.  Ms. Marshall did not appear.

Later on July 25, 2012, the court's staff received a telephone call from Ms. Marshall's father, who explained that extenuating circumstances prevented Ms. Marshall from attending the July 25, 2012 hearing. Out of an abundance of caution, the court delayed issuing a recommendation for dismissal of this civil action and, by an Order dated August 1, 2012, set this matter for a third Preliminary Scheduling Conference on September 26, 2012 at 9:00 a.m.  (*See* Doc. # 24).  The court mailed a copy of the Order to Ms. Marshall at her address of record with the court.  (*See* Doc. # 24, Notice of mailing).  The court's records do not indicate that Ms. Marshall's copy of the court's Order was returned to the court in the mail as undeliverable.  The court held the third Preliminary Scheduling Conference on September 26, 2012 at 9:00 a.m.  Defendants appeared through counsel.  Ms. Marshall did not appear.  Ms. Marshall has not contacted the court regarding her failure to appear, to indicate her unavailability, or to request a resetting.

Ms. Marshall has failed to appear at the Preliminary Scheduling Conference held on

June 26, 2012, failed to appear at the Preliminary Scheduling Conference held on July 25, 2012, failed to appear at the Preliminary Scheduling Conference held on September 26, 2012, failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, and failed to prosecute this action.  Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.");  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .");  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  Here, the court recommends dismissal without prejudice.  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).  Ms. Marshall has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and

apply the limitations periods or tolling provisions applicable to Ms. Marshall's claims.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Ms. Marshall's failure to appear at the Preliminary Scheduling Conference held on June 26, 2012, failure to appear at the Preliminary Scheduling Conference held on July 25, 2012, failure to appear at the Preliminary Scheduling Conference held on September 26, 2012, failure comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See Vega v. Suthers, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule");  International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  But see, Morales-Fernandez v. INS, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 26th day of September, 2012.

BY THE COURT:

   s/Craig B. Shaffer       
United States Magistrate Judge